**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **In re PACIFIC SEAFOOD DATA SECURITY LITIGATION,** | Master Case No. 3:25-cv-01921-AR<br><br>Associated cases:<br>3:25-cv-01923-AR 3:25-cv-01935-AR<br>3:25-cv-01944-AR 3:25-cv-01946-AR<br>3:25-cv-01954-AR 3:25-cv-01971-AR<br>3:25-cv-01995-AR<br><br>**ORDER ADOPTING F&R IN FULL** |

**IMMERGUT, District Judge.**

On September 30, 2026, Magistrate Judge Armistead issued his Findings and Recommendation ("F&R"), ECF 39, recommending that Defendant Dulcich, Inc. d/b/a Pacific Seafood Company's ("Defendant") Motion to Dismiss Plaintiffs' Consolidated Amended Complaint ("Motion"), ECF 19, be granted in part and denied in part. Defendant filed objections to the F&R, ECF 42, on October 14, 2026. Plaintiff filed a timely response, ECF 43.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

This Court has reviewed de novo the portions of Judge Armistead's F&R to which Defendant objected. Judge Armistead's F&R, ECF 39, is ADOPTED in full. Defendant's Motion to Dismiss, ECF 19, is GRANTED IN PART AND DENIED IN PART.[1]

**IT IS SO ORDERED**.

DATED this 6th day of November 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

[1] In its objections to the Findings and Recommendation, Defendant makes one new argument to dismiss Plaintiff's claim that Defendant breached the implied covenant of good faith and fair dealing. For the first time, Defendant argues that even if Plaintiffs have plausibly plead an implied contract, their implied covenant of good faith and fair dealing claim impermissibly seeks to "add obligations beyond the contract's agreed terms." Objections to F&R, ECF 42 at 10. Defendant's Motion to Dismiss did not raise this argument, but rather focused on its arguments that no implied contract is plausibly plead. Motion, ECF at 17–18. Nor does Defendant provide a reason why it could not have raised this argument in its initial briefing or why this Court should excuse the delay. *See* Objections to F&R, ECF 42 at 10. Accordingly, this Court declines to consider this not previously raised line of argument. *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1016 (C.D. Cal. 2010) ("A district court has discretion, but is not required, to consider evidence or claims presented for the first time in Objections to a Magistrate Judge's Report and Recommendation.").